# CIRCUIT COURT OF THE CITY OF CHARLOTTESVILLE

City of Charlottesville

v.

Clifton L. Rice

December 19, 1990

Case No. (Appeal) 90-278

By JUDGE JAY T. SWETT

Mr. Rice has been charged with a violation of Charlottesville City Code § 31-146. That section requires that a permit be issued by the zoning administrator before any improvement can be made to any property covered by the City's Historic Preservation and Architectural Design Control statutes.

The facts that give rise to this controversy are not in dispute. The defendant, Clifton Rice, owned a residence at 513 Dice Street. It was conceded that the property was covered by the City's historic preservation statute. Mr. Rice decided to use the building as his personal residence and proceeded to make improvements to the property, including new aluminum siding, new windows, a new fence, and the removal of trees. Mr. Rice contracted with Eagle Window to do the aluminum siding and replacement of windows. As part of their contract, Eagle Window agreed to obtain all necessary building permits. Unbeknownst to Mr. Rice, Eagle Window did not apply for a building permit. Mr. Rice, relying on Eagle Window to obtain the necessary permits, did not obtain a building permit on his own.

Some months after the improvements were completed, Mr. Rice received a "Stop Order and Notice of Violations" from Mr. Fred M. Boger, the Charlottesville Zoning Administrator. Mr. Rice was cited for failure to obtain a building

permit and failure to obtain a permit for work to be performed on a historical building pursuant to City Code Section 31-146. It was uncontested that neither Mr. Rice nor Eagle Window knew that the building at 513 Dice Street was a building covered by the Charlottesville Preservation Act.

At trial the only issue was the failure of Mr. Rice to obtain the permit required by § 31-146. The defenses raised were twofold. The first was that as owner of the property, Mr. Rice was not required to obtain the permit since the work was completed by Eagle Window, an independent contractor. Any statutory violation should be attributable to Eagle Window and not to Mr. Rice. The second was that the applicable penal statute, § 31-277 of the City Code, requires the City to prove that Mr. Rice "willfully" violated § 31-146.

As to the first defense, the statute applies to those who own property covered by the Historical Preservation Act. As such, the duties imposed under the Act cannot be delegated or assigned to another. Thus Mr. Rice does not escape liability under the statute because of his contract with Eagle Window under which Eagle agreed to acquire all necessary building permits.

As to the second ground, § 31-277 states in pertinent part that one who "willfully engages in any conduct made unlawful by § 31-276 shall . . ." be fined in accordance with the statute. The defendant argues that the word "willfully" requires that the City prove that Mr. Rice knowingly violated the statute. Here, the evidence is unrefuted, and the court so finds that Mr. Rice was unaware that the statute applied to the building at 513 Dice Street. However, the court does not construe § 31-277 as requiring the City to prove that Mr. Rice willfully violated the statute. "Willfully" is a reference to prohibited conduct and does not refer to the defendant's state of mind as to whether he had knowledge of the unlawfulness of his act. In this case "willfully" requires a showing that the defendant knowingly engaged in the conduct which is made unlawful by another provision, in this case § 31-276. Here, Mr. Rice knowingly and willfully made improvements on his house, although at the time he did not know a permit was required because of the age of the building.

At trial the court raised questions on its own regarding the vagueness of § 31-146 and the problems the statute presented in advising the public of what conduct is and is not unlawful under the statute. However, this issue was not pressed by the defendant. Moreover, since the defendant was unaware of the statute, there is no defense asserted that the statute did not properly apprise him of what is prohibited conduct and what is not.

Accordingly, the court finds that the defendant did violate the provisions of City Code § 31-146. Having found a violation of the statute, the court hereby fines Mr. Rice the sum of $50.00 for the offense but suspends all of the fine on the condition that Mr. Rice comply with all applicable provisions of the City Code for a period of twelve months.